Manos Amusements, Inc. v. Commissioner.
Manos Amusements, Inc. v. Commissioner
Docket No. 25073.
United States Tax Court
1951 Tax Ct. Memo LEXIS 145; 10 T.C.M. (CCH) 748; T.C.M. (RIA) 51226; August 9, 1951
*145 Deduction: Rent. - Respondent's disallowance of a portion of amounts claimed as rentals paid for the use of properties held in name of the wife of petitioner's principal stockholder, sustained. Penalties. - For failure to file excess profits tax returns, sustained. Lawrence R. Bloomenthal, Esq., and Cecil H. Kopperman, Esq., 1836 Euclid Ave., Cleveland 15, Ohio, for the petitioner. Clarence E. Price, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined deficiencies in income, declared value excess profits and excess profits taxes for the calendar years 1942, 1943 and 1944 and additions thereto of a 25 per cent penalty for failure to file excess profits tax returns for the years 1942 and 1944, as follows: Declared Value
Excess Profits
Excess Profits
Year
Income Tax
Tax
Tax
25% Penalty
1942
$2,976.42
$3,033.93
$10,624.98
$2,656.25
1943
1,732.89
2,048.10
9,847.35
1944
3,311.07
3,233.11
8,480.69
2,120.17
Totals
$8,020.38
$8,315.14
$28,953.02
$4,776.42
The issues presented are whether respondent erred (1) in disallowing for each of the *146 years 1942, 1943 and 1944, respectively, a certain portion of the amount claimed as a deduction for rental paid for the use of theatre properties owned by Louise G. Manos and (2) in imposing a 25 per cent penalty for failure to file an excess profits tax return for each of the years 1942 and 1944. Findings of Fact The petitioner is an Ohio corporation with its principal office in the city of Toronto, Ohio. Petitioner filed income and declared value excess profits tax returns on the cash receipts and disbursements basis for the periods in question with the collector of internal revenue for the 18th district of Ohio, but failed to file an excess profits tax return for each of the years 1942 and 1944. During the taxable years George A. Manos was the president, general manager, and principal stockholder of petitioner, which never paid any dividends. During those years petitioner, which owned no real estate, was engaged in the business of operating nine motion picture theatres located in Columbiana, Leetonia, Lisbon, Toronto, Minerva and Newton Falls, Ohio, all of which are small or middle-sized towns in the eastern part of Ohio. Three of the theatres so operated were obtained under *147 lease agreements with the owners thereof. As to the other six theatres so operated there were no leases, as such, between petitioner and the title owner thereof, Louise G. Manos, wife of George A. Manos, but instead there was merely an indefinite oral understanding as to the petitioner's use and occupancy of the properties. On its returns for theyears in question petitioner reported total income and declared value excess profits taxes due in the amounts of $26.23 for 1942, $3,166.19 for 1943, and $1,760.75 for 1944. Among the various deductions claimed thereon, the petitioner deducted, as rentals paid, the total amounts of $44,300 for 1942, $49,463.85 for 1943, and $47,496 for 1944 and in his determination respondent allowed the portions thereof in the amounts of $6,800 for 1942, $6,809.45 for 1943, and $4,996 for 1944, representing rentals paid by petitioner to others than Louise. The amounts claimed by petitioner as rentals paid to Louise and the portions thereof as both allowed and disallowed by respondent were as follows: Year
Claimed
Allowed
Disallowed
1942
$37,500
$15,950
$21,550
1943
42,654.40
26,120.12
16,534.28
1944
42,500
21,000
21,500
*148 The above-mentioned oral understanding between petitioner and Louise was arrived at by George acting for petitioner and also as agent for his wife. It did not embrace any fixed period of time for petitioner's use and occupancy of the six theatres to which Louise held title and did not obligate petitioner to pay rentals on any fixed basis, such as either a definite amount per annum or a guaranteed minimum plus graduated percentages of gross income as generally employed in leasing that type of property, or such as a fixed percentage of gross income as sometimes employed in rare instances. Each year, in the exercise of his own discretion and without consultation with or consent of Louise, George determined an amount as representing rentals based to some extent on what he considered to be a fair percentage of the gross income from the theatre properties held by Louise. During the years in question the petitioner's books maintained no specific rent account with Louise. Instead and particularly for the purpose of income tax returns for those years, George instructed the petitioner's bookkeeper and also an outside accountant employed in the latter part of 1943, to summarize from the petitioner's *149 ledger sheets certain items of payments which he, George, determined as having been made by petitioner for and on behalf of Louise and to charge such items as rentals paid to her. The items so charged and forming the basis for the above-mentioned amounts claimed by petitioner as deductions for rentals paid to Louise, embraced for all three years varying amounts as payments of interest and principal on loans evidenced by notes (which in most instances were cosigned by Louise and George) and secured by the properties to which Louise held title and in addition, for 1942 a substantial payment for construction of a theatre building on a lot to which Louise held title, and Louise's income tax; for 1943 very substantial cash withdrawals purportedly by or for Louise, fairly substantial payments for expenses of the home maintained by Louise and George, and Louise's income tax; and for 1944 very substantial cash withdrawals purportedly by or for Louise. Louise did not maintain any personal bank account and she personally handled only such funds as were necessary for various and sundry cash purchases. On her individual tax returns for the years 1942, 1943 and 1944, respectively, Louise reported *150 as income from theatre buildings the above-mentioned amounts claimed by petitioner as rentals paid to her for those years. The petitioner is entitled to deduct as rent paid to Louise G. Manos for the use of theatre properties to which she held title, the amounts as allowed by respondent in his determination for each of the years involved herein. Opinion The first question involved is one of fact. Petitioner alleges that it paid the amounts of rentals claimed on its returns for each of the taxable years and, being on the cash basis, is entitled to the allowance of deductions in the full amounts thereof under section 23 (a) (1) (A), Internal Revenue Code. [1] On brief, petitioner concedes that its books and records are in a state of confusion. However, it contends that the record herein substantially establishes that the amounts claimed as rentals paid to Louise were actually paid out by petitioner for and on her behalf and that having been paid the respondent erred in questioning the reasonableness thereof and determining lesser amounts as allowable deductions. *151 It has been heretofore held that where rent is paid or incurred as the result of an arm's length transaction and there is no evidence that any part of the payments were in fact gifts or distributions of dividends, section 23 (a) (1) (A), supra, does not limit the deduction for rental to a reasonable amount. Stanley Imerman, 7 T.C. 1030. On the other hand, where the evidence shows that some part of the alleged rent payments in fact constitutes gifts or dividends, the allowable deduction for rent has been limited to an amount determined to be "required" for the continued use or possession of the property by the lessee. Limericks, Inc., 7 T.C. 1129; affirmed, Limericks, Inc. v. Commissioner, 165 Fed. (2d) 483. In the instant case the amounts of the claimed deductions for rent were not "required" to be paid and therein petitioner has failed to meet the provision of the statute. The record herein establishes beyond doubt that petitioner was not required to pay any definite rental. Instead of any real leasing agreement between petitioner and Louise, there was merely an oral understanding between Louise and her husband, the principal stockholder *152 of petitioner, whereby he alone directed payments in such amounts and in such manner as he chose. Louise had no control over the matter in any respect and she personally received little, if any, of the alleged payments. Certainly that arrangement was a far cry from an arm's length transaction. Furthermore, petitioner's books were maintained in a state of confusion and the testimony of George and his accountant does not satisfactorily establish that the alleged payments were in fact made for and on behalf of Louise. The accountant relied almost entirely on instructions from George as to what items he would pick off the petitioner's ledger to summarize as a total representing rental payments during each taxable year. The testimony of George, a vitally interested party, is not convincing. In view of the fact that no particular amount of rental was "required" to be paid by petitioner, the Court has carefully considered all the evidence in the fairly voluminous record, including the testimony of witnesses called as experts on what in their opinion would constitute a reasonable rental on the properties involved. It would serve no useful purpose to set forth a lengthy resume of the evidence *153 to point out wherein it fails to establish what amounts were actually paid by petitioner as rentals for the use and occupancy of the properties, or, to establish a sufficient factual basis upon which this Court could redetermine any amounts as rentals for the taxable years. In this posture of the case, we must sustain the respondent's determination on this issue. With respect to the respondent's imposition of a 25 per cent addition to the tax for 1942 and 1944 for failure to file an excess profits tax return for each of those years, petitioner says only that on the basis on which its income tax returns were prepared no excess profits tax returns were shown to be due. The mistaken belief that such returns were not required under the law to be filed does not constitute reasonable cause for the falure to file the returns so as to relieve the petitioner of the asserted penalty. P. Dougherty Co., 5 T.C. 791; affirmed 159 Fed. (2d) 269; certiorari denied, 331 U.S. 838. On this issue respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME: In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In general. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.↩